**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mathew Dale Roemer, | No. CV-19-05935-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Mathew Roemer's Application for Disability Insurance benefits by the Social Security Administration (SSA) under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 18, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 23, "Def. Br."), and Plaintiff's Reply (Doc. 24, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 15, "R."), and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 25–47) as upheld by the Appeals Council (R. at 1–6).

## I. BACKGROUND

Plaintiff filed his Application for Disability Insurance benefits on March 30, 2016, alleging disability beginning July 29, 2014. (*Id*. at 28.) Plaintiff's claim was denied initially on August 29, 2016, and upon reconsideration on December 20, 2016. (*Id.*) On October 15, 2018, Plaintiff appeared before the ALJ for a hearing on his claim, and on November 15,

1   2018, the ALJ denied Plaintiff's claim. (*Id*. at 25–47.) The Appeals Council denied

2   Plaintiff's Request for Review of the ALJ's decision on October 23, 2019. (*Id*. at 1–6.)

3          The Court has reviewed the medical evidence and will discuss the pertinent

4   evidence in addressing the issues raised by the parties. Upon considering the medical

5   evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following

6   severe impairments: mild asthma, benign tremors, and fibromyalgia. (*Id*. at 31.)

7          Ultimately, the ALJ evaluated the medical evidence and testimony and concluded

8   that Plaintiff was not disabled from the alleged disability-onset date through the date of the

9   decision. (*Id*. at 41.) The ALJ found that Plaintiff "did not have an impairment or

10  combination of impairments that met or medically equaled the severity of one of the listed

11  impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 34.) Next, the ALJ

12  calculated Plaintiff's residual functional capacity ("RFC"):

13          [Plaintiff] has the [RFC] to perform light work as defined in 20 CFR
14          404.1567(b), except he could occasionally push or pull with the bilateral
            upper extremities. He could frequently climb ramps or stairs, but never
15          ladders, ropes, or scaffolds. He could frequently stoop and kneel, but only
            occasionally balance, crouch or crawl. He could frequently reach overhead,
16          handle, and finger with the bilateral upper extremities. He could have
            occasional exposure to pulmonary irritants such as fumes, odors, dusts, and
17          gasses, as well as to poorly ventilated areas. He could have no exposure to
            unprotected heights or dangerous machinery with moving mechanical parts.
18          He could not drive on the job.
19

20  (*Id*.) Accordingly, the ALJ found that Plaintiff "was capable of performing past relevant

21  work as a sales clerk, as generally performed." (*Id*. at 39.)

22  **II.     LEGAL STANDARDS**

23          In determining whether to reverse an ALJ's decision, the district court reviews only

24  those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,

25  517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability

26  determination only if it is not supported by substantial evidence or is based on legal error.

27  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence

28  that a reasonable person might accept as adequate to support a conclusion considering the

1    record as a whole. *Id.* To determine whether substantial evidence supports a decision, the

2    Court must consider the record as a whole and may not affirm simply by isolating a

3    "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is

4    susceptible to more than one rational interpretation, one of which supports the ALJ's

5    decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954

6    (9th Cir. 2002) (citations omitted).

7         To determine whether a claimant is disabled for purposes of the Act, the ALJ

8    follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of

9    proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett*

10   *v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether

11   the claimant is presently engaging in substantial gainful activity. 20 C.F.R.

12   § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe"

13   medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At

14   step three, the ALJ considers whether the claimant's impairment or combination of

15   impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P

16   of 20 C.F.R. Part 404.  20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically

17   found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines

18   whether the claimant is still capable of performing past relevant work. 20 C.F.R.

19   § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she

20   determines whether the claimant can perform any other work in the national economy

21   based on the claimant's RFC, age, education, and work experience. 20 C.F.R.

22   § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

23   **III.   ANALYSIS**

24        Plaintiff raises two central arguments in challenging the ALJ's nondisability

25   determination.[1]  First, Plaintiff argues that "[t]he ALJ erred in failing to evaluate

26

27        [1] On the first page of his Opening Brief, Plaintiff also states a third issue—that the ALJ incorrectly rejected Plaintiff's symptom testimony. (Pl. Br. at 1.) However, Plaintiff does not analyze or argue this issue in his Opening Brief or Reply. Therefore, the Court

28   will not consider it. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (finding that arguments that are presented without substantive analysis are waived).

1      [Plaintiff's] fibromyalgia pursuant to Social Security Ruling [(SSR)] 12-2p." (Pl. Br. at 1,

2      14–20.) Second, Plaintiff argues that the ALJ erroneously discredited several opinions

3      offered by Plaintiff's medical providers. (*Id.* at 20–29.)

4              The Court rejects Plaintiff's arguments and concludes that substantial evidence

5      supports the ALJ's nondisability determination. First, the Court finds that the ALJ

6      evaluated Plaintiff's fibromyalgia consistent with SSR 12-2p. Specifically, the ALJ

7      properly considered Plaintiff's improvement with treatment and the objective medical

8      evidence in evaluating Plaintiff's functional limitations stemming from her fibromyalgia.

9      Second, the ALJ provided specific and legitimate reasons for rejecting Plaintiff's treating

10     physicians' opinions and germane reasons for rejecting the opinion of Plaintiff's certified

11     nurse practitioner. Further, each reason was supported by substantial evidence.

12             **A.      The ALJ evaluated Plaintiff's fibromyalgia consistent with SSR 12-2p.**

13             Plaintiff argues that "the ALJ improperly focused on a lack of objective medical

14     findings to support the degree of [Plaintiff]'s reported limitations." (*Id.* at 15.) Plaintiff

15     argues this point in two ways. First, Plaintiff argues that reliance on objective medical

16     evidence in evaluating functional limitations from fibromyalgia is improper because of

17     fibromyalgia's unique symptoms and its diagnostic methods that frustrate measurement by

18     objective evidence. (*Id.* at 14–15, 20.) Second, Plaintiff argues that, contrary to the ALJ's

19     findings, "the medical reports provide objective evidence supporting [Plaintiff]'s claim of

20     continuing fibromyalgia symptoms." (*Id.* at 16.) Plaintiff bases this argument on numerous

21     findings in the record that, despite some improvement, his fibromyalgia symptoms

22     persisted. (*Id.* at 16–20.)

23             SSR 12-2p "provides guidance on how [SSA] develop[s] evidence to establish that

24     a person has a medically determinable impairment (MDI) of fibromyalgia (FM), and how

25     [SSA] evaluate[s] FM in disability claims." Social Security Ruling 12-2p. SSR 12-2p

26     considers two distinct but related issues in the five-step process. The first issue is how SSA

27     determines whether a claimant has an MDI of fibromyalgia. This issue only addresses

28     whether a claimant actually *has* fibromyalgia. To establish an MDI, the claimant must

1    provide medical evidence consisting of "signs—the results of 'medically acceptable

2    clinical diagnostic techniques,' such as tests—as well as symptoms." *See Ukolov v.*

3    *Barnhart*, 420 F.3d 1002, 1005 (9th Cir.2005). The second issue SSR 12-2p informs is how

4    a claimant's MDI of fibromyalgia is evaluated in determining their functional limitations:

5    *i.e.*, how much a claimant's fibromyalgia limits his functional abilities. *See* SSR 12-2p.

6         In evaluating the functional effects of a claimant's fibromyalgia, SSR 12-2p

7    provides that the SSA will "base [its] RFC assessment on all relevant evidence in the case

8    record," including the medical evidence across "a longitudinal record whenever possible

9    because the symptoms of FM can wax and wane so that a person may have 'bad days and

10   good days.'" *Id*. Similarly, SSR 96-7p, which SSR 12-2p incorporates by reference,

11   provides that adjudicators *must* consider objective medical evidence in evaluating the

12   credibility of a claimant's symptom testimony.[2] *See* SSR 96-7p.

13        The Court rejects Plaintiff's arguments because the ALJ's evaluation of Plaintiff's

14   fibromyalgia was consistent with SSR 12-2p. Here, the ALJ found that Plaintiff's

15   fibromyalgia is a severe impairment, so Plaintiff's arguments are limited to whether the

16   ALJ correctly evaluated the functional limitations stemming from fibromyalgia consistent

17   with SSR 12-2p. (R. at 31.) Plaintiff's arguments are misplaced since SSR 12-2p prescribes

18   that adjudicators consider all relevant evidence, including objective medical evidence. SSR

19   12-2p. Thus, Plaintiff misinterprets SSR 12-2p as prohibiting the consideration of objective

20   medical evidence in evaluating the limitations stemming from a claimant's fibromyalgia.

21   (Pl. Br. at 14–15.) Plaintiff is correct that ALJs must consider the unique aspects of

22   fibromyalgia, but the extent to which objective medical evidence corroborates a claimant's

23   alleged limitations is still a relevant consideration.

24        Moreover, Plaintiff's argument that the ALJ overlooked evidence in the record of

25   persistent fibromyalgia symptoms, despite his improvement with treatment, is also

26

27        [2] SSR 16-3p superseded SSR 96-7p, but it also provides that SSA "must consider
     whether an individual's statements about the intensity, persistence, and limiting effects of
28   his or her symptoms are consistent with the medical signs and laboratory findings of
     record." *See* SSR 16-3p.

1    unpersuasive. (*Id*. at 16–20.) Though SSR 12-2p mandates that ALJs consider the waxing

2    and waning nature of fibromyalgia, the ALJ's opinion does not indicate that she strayed

3    from that mandate. Ultimately, whether the objective medical evidence corroborates

4    Plaintiff's allegations of disabling symptoms from fibromyalgia is a relevant consideration

5    for the ALJ: thus, the ALJ did not err in considering it. Where the ALJ relies on objective

6    evidence to reject Plaintiff's symptom testimony or medical opinions, the issue becomes

7    whether substantial evidence supports the ALJ's interpretation of the evidence. But this is

8    a different question than whether the ALJ can rely on objective medical evidence in

9    evaluating fibromyalgia: she can.

10       Finally, the Court also rejects Plaintiff's argument that substantial evidence does not

11   support the ALJ's conclusion that the objective medical evidence contradicts Plaintiff's

12   allegations of disabling symptoms. (*Id*.) Though Plaintiff identifies records that indicate he

13   experienced persistent symptoms despite his improvement with treatment, substantial

14   evidence still supports the ALJ's interpretation of the evidence. (*Id*.) The ALJ appropriately

15   relied on medical records indicating Plaintiff's improvement and stability with medication

16   and that he retained full strength, normal range of motion, and normal reflexes, sensation,

17   and gait. (R. at 35, 791–92, 946, 949, 992, 1015, 1024); *see* 20 C.F.R. § 404.1529(c)(3).

18   Records from Plaintiff's treatment with Banner Health also demonstrate that Plaintiff

19   improved and was stable with medication. (R. at 608, 618, 623, 628, 630, 991, 996, 1015,

20   1019, 1029, 1034, 1055, 1059, 1064, 1067–68, 1074–75, 1079–80, 1099–1100.) Because

21   substantial evidence is a relatively low evidentiary threshold, the ALJ's interpretation of

22   the evidence is entitled to deference. *See Orn*, 495 F.3d at 630. Accordingly, the ALJ did

23   not err in concluding that the objective medical evidence undermines Plaintiff's allegations

24   of disabling symptoms due to her fibromyalgia, despite her persistent symptoms. Similarly,

25   as discussed in subsequent sections of this Court's order, the ALJ also appropriately found

26   that the objective medical evidence undermines certain medical opinions from Plaintiff's

27   providers.

28   . . . .

1
2

**B.      The ALJ provided sufficient reasons supported by substantial evidence for rejecting the medical opinions of Plaintiff's treatment providers.**

3      Plaintiff challenges the ALJ's rejection of the opinions of four of his treating

4  medical providers. The ALJ gave little weight to the opinions of (1) Dr. Joseph Nolan,

5  Plaintiff's treating rheumatologist, (2) Dr. Javier Perez, his treating psychologist,

6  (3) Dr. Natasha Bhuyan, his treating physician, and (4) Judy Hahn, his treating certified

7  nurse practitioner. (R. at 37–38.) Instead, the ALJ gave great weight to the opinions of

8  Plaintiff's reviewing and examining physicians. (*Id*. at 36.)

9      While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy

10  among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.

11  2008). Those who have treated a claimant are treating physicians, those who examined but

12  did not treat the claimant are examining physicians, and those who neither examined nor

13  treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th

14  Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ

15  must consider the relevant factors listed in 20 C.F.R. § 404.1527(c)(1)–(6) and determine

16  the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's

17  opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating

18  physician's opinion unless he provides specific and legitimate reasons that are based on

19  substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.

20  2005). However, a nurse practitioner does not qualify as an "acceptable treating source"

21  and is instead defined as an "other source." 20 C.F.R. § 404.1513(d)(1). An ALJ "may

22  discount testimony from these 'other sources' if the ALJ gives reasons germane to each

23  witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citations

24  omitted).

25      The Court rejects Plaintiff's arguments and concludes that the ALJ provided

26  sufficient reasons supported by substantial evidence for rejecting the opinions. First, the

27  ALJ correctly rejected Dr. Nolan's opinion based on its inconsistency with Plaintiff's

28  ADLs, his improvement with treatment, and the adequate management of his symptoms

1    with medication. Second, the ALJ correctly rejected Dr. Perez's opinion because it was

2    largely based on subjective reports and was inconsistent with other objective medical

3    evidence and opinions. Third, Dr. Bhuyan's opinion was correctly rejected because of its

4    inconsistency with other evidence, including Plaintiff's ADLs. Finally, the ALJ correctly

5    rejected certified nurse practitioner Hahn's opinion because it was inconsistent with her

6    own findings and Plaintiff's psychological consultative examination.

7                       **1.     Dr. Nolan's opinions.**

8             Dr. Nolan offered two opinions on Plaintiff's behalf. (R. at 450–54, 945.) In a

9    "Fibromyalgia Questionnaire" on May 28, 2015, Dr. Nolan opined to significant functional

10   limitations stemming from Plaintiff's fibromyalgia, including the ability to sit, stand, and

11   walk for less than one hour per eight-hour workday. (*Id.* at 450–54.) In a June 6, 2017

12   letter, Dr. Nolan wrote that Plaintiff maintained the same sitting, standing, and walking

13   limitations and would likely be absent from work more than three times per month due to

14   his symptoms. (*Id.* at 945.)

15            The ALJ provided several reasons for rejecting Dr. Nolan's opinions. She found that

16   Dr. Nolan's opinions were inconsistent with (1) Plaintiff's lack of atrophy in his muscles

17   and his reported improvement with exercise. (*Id.* at 37.) They were also inconsistent with

18   evidence indicating (2) his symptoms were well-controlled with medication. (*Id.*) Next,

19   Dr. Nolan's opined-to manipulative limitations were (3) unexplained. Finally, the opinions

20   were inconsistent with Plaintiff's (4) ADLs and (5) the objective medical evidence. (*Id.*)

21            The Court finds that the ALJ provided sufficient reasoning supported by substantial

22   evidence for rejecting Dr. Nolan's opinions. As discussed above, substantial evidence

23   supports the ALJ's determination that Plaintiff's symptoms are well-controlled with

24   medication. (*Id.*) This was a permissible rationale for rejecting Plaintiff's testimony and

25   the ALJ reasonably found that this stability undermines Dr. Nolan's opinions. *See*

26   20 C.F.R. § 404.1527(c)(3), (4). Further, substantial evidence supports the ALJ's finding

27   that the opinions are inconsistent with Plaintiff's ADLs. The ALJ cites claimant's ability

28   to cook, clean, run errands daily, and travel to San Francisco as inconsistent with

1    Dr. Nolan's opinions. (R. at 37.) The ALJ also identifies other vacations to Pine Top and
2    Palm Springs as inconsistent with Plaintiff's alleged sitting and standing limitations. (R. at
3    35.) Though these ADLs do not necessarily evidence an ability to sustain fulltime
4    employment, the ALJ reasonably determined that they undermine Dr. Nolan's opinions
5    since they are inconsistent with his opinions. Even if the ALJ's other rationales are
6    unsupported by substantial evidence, such errors would be harmless because the ALJ
7    provided additional sufficient reasoning for rejecting Dr. Nolan's opinions. *E.g.*, *Stout v.*
8    *Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

9                          **2.    Dr. Perez's opinion.**

10            On July 8, 2016, Dr. Perez opined regarding Plaintiff's functional limitations due to
11    her psychological impairments. (R. at 839–43.) He found that Plaintiff has moderate-to-
12    marked and marked limitations in several functional areas and that he would be absent from
13    work more than three times per month on average because of his limitations. (*Id.*)

14            The ALJ rejected these opinions for three reasons. First, the ALJ found that
15    Dr. Perez's opinion was vague and imprecise. (R. at 37.) Second, the ALJ found that the
16    opinion relied largely on subjective reports rather than objective medical evidence. (*Id.*)
17    Third, she found that the opinion was inconsistent with the objective medical evidence.
18    (*Id.*)

19            Initially, Plaintiff is correct that the ALJ's conclusion that Dr. Perez's opinion "is
20    vague and imprecise" is erroneous. (Pl. Br. at 26.) In short, Plaintiff correctly identifies
21    that Dr. Perez's form-questionnaire provides specific definitions that explain the nature of
22    the limitations that Dr. Perez opined to. (*Id.*)

23            Nevertheless, substantial evidence supports the ALJ's conclusion that Dr. Perez's
24    opinion is overly reliant on subjective reports and is inconsistent with the objective medical
25    evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may
26    reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-
27    reports that have been properly discounted as incredible."). Indeed, Dr. Perez's records
28    contain some distinct examples of clinical observations rather than mere recitations of

1   Plaintiff's reports. (R. at 1197, 1199, 1201–02, 1208, 1210–11, 1213, 1216.) Still, the

2   ALJ's interpretation of the evidence is a reasonable one. Though Dr. Perez's records

3   contain examples of true clinical observation, they are predominated by recitations of

4   Plaintiff's self-reports. (R. at 845–885, 1195–1233.) Further, Plaintiff's argument that "the

5   ALJ failed to recognize the importance of a patient's self-reporting in the evaluation and

6   treatment of psychological disorders[,]" is apt here, but does not negate the ALJ's

7   conclusion. (Pl. Br. at 28.) Despite the appropriateness of psychological treatment

8   providers relying on subjective reports, substantial evidence still supports the ALJ's

9   determination that the magnitude of that reliance here justified a reduction in the weight

10  given to Dr. Perez's opinion.

11          Moreover, substantial evidence also supports the ALJ's conclusion that Dr. Perez's

12  opinion is inconsistent with the objective medical evidence. Records from Plaintiff's visits

13  with her psychiatric nurse practitioner repeatedly document normal objective findings.

14  (R. at 797–824, 902–915, 976–990.) Similarly, the exam findings from Plaintiff's

15  psychiatric consultative examination also documented normal findings and noted that

16  Plaintiff's dramatic presentations undermined his subjective reports. (*Id.* at 829.)

17  Accordingly, the ALJ did not err in discounting Dr. Perez's opinion based on its

18  inconsistency with the objective medical evidence and its reliance on Plaintiff's subjective

19  reports.

20          **3.      Dr. Bhuyan's opinion.**

21          Dr. Bhuyan submitted an opinion regarding Plaintiff's functional limitations, which

22  the ALJ rejected for several reasons. First, the ALJ found that the opinion regarding

23  manipulative limitations is inconsistent with Dr. Bhuyan's treatment records because her

24  records purportedly do not mention tremors. (R. at 38.) Second, the ALJ found that

25  Dr. Bhuyan's opinion was extreme and internally inconsistent since she opined Plaintiff

26  can lift weights up to five pounds but can never use his arms for grasping or reaching. (*Id.*)

27  Third, the ALJ found the opinion was inconsistent with the objective medical record, which

28  indicates Plaintiff maintains full strength in the upper extremities and normal gait. (*Id.*)

1    Finally, the ALJ found that the opinion was inconsistent with Plaintiff's ADLs. (*Id*.)

2    Specifically the ALJ found that Plaintiff's ability to cook and drive was inconsistent with

3    the opinion that Plaintiff can never grasp bilaterally. (*Id*.)

4         The Court finds that substantial evidence supports the ALJ's rejection of

5    Dr. Bhuyan's opinion. Initially, Plaintiff correctly points out that the ALJ's finding that

6    Dr. Bhuyan did not identify tremors in her treatment records was erroneous. (Pl. Br. at 25.)

7    Nevertheless, that error was harmless since the ALJ provided additional valid reasons for

8    discounting Dr. Bhuyan's testimony. (R. at 38.) The objective medical evidence and

9    Plaintiff's ADLs support the ALJ's discounting of Dr. Bhuyan's opinion. Records

10   indicating Plaintiff's normal gait and full strength support the ALJ's conclusions. (R. at

11   789–96, 946–51.) Further, the ALJ properly found that Plaintiff's ADLs, which reflect that

12   he regularly drove and cooked, also undermine Dr. Bhuyan's opinion. (*Id*. at 38, 74, 78,

13   826, 849.) Accordingly, the ALJ did not err.

14        **4.    Certified nurse practitioner Hahn's opinions.**

15        Certified nurse practitioner Hahn opined regarding Plaintiff's functional limitations

16   in a "Mental Impairment Questionnaire." (R. at 561–65.) In a second opinion on May 3,

17   2016, she opined that Plaintiff is unable to work due to her medical issues. (*Id*. at 800–01.)

18   The ALJ rejected her opinion regarding Plaintiff's disability status because that is an issue

19   reserved to the ALJ. (R. at 38.) The ALJ rejected the remainder of Hahn's opinions as

20   inconsistent with her own findings and the findings of Plaintiff's psychological

21   consultative examination. (*Id*.)

22        The Court finds that the ALJ's rejection of Hahn's opinions was for germane

23   reasons supported by substantial evidence. The ALJ was correct to reject her opinion

24   regarding the ultimate issue of Plaintiff's disability status since that is a question reserved

25   to the ALJ. *See* 20 C.F.R.  § 404.1527(d). Further, substantial evidence supports the ALJ's

26   determination that Hahn's opinions are inconsistent with the objective medical evidence.

27   As discussed above, Hahn's treatment records regularly document normal objective

28   findings, including normal grooming, eye contact, hygiene, orientation, mood, affect, and

speech. (R. at 797–824, 902–915, 976–990.) Similarly, records from Plaintiff's psychological consultative examination contained evidence of normal objective findings. (*Id*. at 825–33.) Thus, the ALJ did not err by rejecting Hahn's opinions based on these findings.

## IV.   CONCLUSION

Substantial evidence supports the ALJ's nondisability determination. The ALJ evaluated the functional limitations stemming from Plaintiff's fibromyalgia consistent with SSR 12-2p. Further, substantial evidence supports the ALJ's evaluation of the medical opinions of record, including her rejection of the opinions offered by Plaintiff's treating physicians and nurse practitioner.

**IT IS THEREFORE ORDERED** affirming the November 15, 2018 decision of the Administrative Law Judge (R. at 25–47), as upheld by the Appeals Council (R. at 1–6).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 15th day of December, 2020.

Honorable John J. Tuchi
United States District Judge

- 12 -